AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | |
|---|---|
| BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>**NORTHERN DISTRICT OF CALIFORNIA**<br>OAKLAND DIVISION |

**OFFENSE CHARGED**

18 U.S.C. § 545 – Importing Wildlife Contrary to Law (Count One);
16 U.S.C. §§ 3372(d), 3373(d)(3)—Mislabeling Wildlife Intended for Importation (Count Two).

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Count One: 20 years' imprisonment; $250,000 fine; three years of supervised release; $100 special assessment; restitution; forfeiture.
Count Two: 5 years' imprisonment; $250,000 fine; three years of supervised release; $100 special assessment; restitution; forfeiture.

FILED
JAN 1 1 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ ADAM THATCHER LAWRENCE

DISTRICT COURT NUMBER
**CR18-0014 HSG**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
United States Fish and Wildlife Service

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
}  SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}  MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form    ALEX G. TSE
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Katherine M. Lloyd-Lovett

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction   } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT    Bail Amount: _____
If Summons, complete following:
☒ Arraignment  ☒ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 1/18/2018, 9:30 a.m.   Before Judge: Ryu

Comments: Judge Ryu's courtroom is on the 3rd floor of the courthouse; Federal Public Defender is in the North Tower.

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

---

UNITED STATES OF AMERICA,

V.

ADAM THATCHER LAWRENCE,

**FILED**

JAN 1 1 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

CR18-0014 HSG

DEFENDANT.

---

INDICTMENT

18 U.S.C. § 545 - Importing Wildlife Contrary to Law (Count One); 16 U.S.C. §§ 3372(d), 3373(d)(3) - Mislabeling Wildlife Intended for Importation; 18 U.S.C. §§ 545, 924(d), and 982(a)(2)(B), 16 U.S.C. § 3374, and 28 U.S.C. § 2461(c) - Forfeiture Allegations

---

A true bill.

_M.T. [signature]_
Foreman

Filed in open court this _11th_ day of _January, 2018_

_Ivy L. Garcia_
Clerk

_1/11/18_

Bail, $ _____

summons for 1/18/18 9:30

FILED
JAN 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ALEX G. TSE (CABN 152348)
Acting United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM THATCHER LAWRENCE,<br><br>Defendant. | CASE NO. CR18-0014<br><br>VIOLATIONS: 18 U.S.C. § 545 – Importing Wildlife Contrary to Law; 16 U.S.C. §§ 3372(d), 3373(d)(3) – Mislabeling Wildlife Intended for Importation; 18 U.S.C. §§ 545, 924(d), and 982(a)(2)(B), 16 U.S.C. § 3374, and 28 U.S.C. § 2461(c)) – Forfeiture Allegations<br><br>OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to the Indictment, unless otherwise indicated:

1.     The Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES) was an international agreement among governments, including the United States, the Republic of South Africa, and the Republic of Mozambique. The purpose of CITES was to ensure that international trade in specimens of wild animals and plants did not threaten their survival.

INDICTMENT

2. Each animal and plant species covered by CITES was listed on one of three appendices according to the degree of protection afforded to that specimen.

3. Appendix I of CITES included the most protected species of animals and plants and required the most stringent trade restrictions as to those species. Leopards (*Panthera pardus*) were classified as an Appendix I species.

4. CITES generally prohibited the importation of species listed in Appendix I without a valid CITES import permit from the country into which the species was being imported and without a valid CITES export permit or certificate of re-exportation from the country from which the species was being exported.

5. CITES also imposed a yearly quota on the number of leopards which could be exported from South Africa and Mozambique.

6. The Endangered Species Act prohibited trade in any specimens contrary to the provisions of CITES.

7. The Lacey Act prohibited the making or submitting of any false label or record for wildlife that was intended for import into the United States.

8. In or about August 2011, defendant ADAM THATCHER LAWRENCE traveled to South Africa and hunted and killed a leopard in that country. Defendant ADAM THATCHER LAWRENCE did not personally possess a permit to kill the leopard in South Africa nor did he possess a CITES permit to export the leopard from South Africa.

9. In or about May 2012, defendant ADAM THATCHER LAWRENCE secretly transported the leopard skin and skull into Mozambique. Defendant ADAM THATCHER LAWRENCE thereafter falsely claimed that he had hunted and killed the leopard in Mozambique in 2012.

10. Defendant ADAM THATCHER LAWRENCE acquired a CITES export permit for the leopard parts from Mozambique, a CITES import permit for the leopard parts from South Africa, a CITES re-export certificate for the leopard parts from South Africa, and a CITES import permit for the leopard parts from the United States. Each document falsely stated that the leopard was killed in Mozambique in 2012.

INDICTMENT                                    2

1   11.  In or about April 2013, defendant ADAM THATCHER LAWRENCE imported the leopard skin and skull into the United States.

12.  These Introductory Allegations are hereby re-alleged and incorporated by reference into each and every count of this Indictment.

COUNT ONE:   (18 U.S.C. § 545; 18 U.S.C. § 2(b) – Importing Wildlife Contrary to Law)

On or about April 13, 2013, in the Northern District of California, the defendant,

ADAM THATCHER LAWRENCE,

did knowingly and fraudulently import and bring, and willfully cause to be imported and brought, into the United States certain merchandise, that is, the skin and skull of a leopard (*Panthera pardus*), contrary to law, by importing that merchandise into the United States using a permit containing false and fraudulent information, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(c) and 1540(b)(1), and the Convention on International Trade in Endangered Species of Wild Fauna and Flora, Title 50, Code of Federal Regulations, Section 23.13(a), all in violation of Title 18, United States Code, Section 545.

COUNT TWO:   (16 U.S.C. §§ 3372(d)(1), 3373(d)(3)(A)(i); 18 U.S.C. § 2(b) – Mislabeling Wildlife Intended for Importation)

On or about April 26, 2013, in the Northern District of California, the defendant,

ADAM THATCHER LAWRENCE,

did knowingly make and submit, and willfully cause to be made and submitted, a false record, account, and label for wildlife, that is, the skin and skull of a leopard (*Panthera pardus*), in that the defendant falsely represented that said wildlife had been killed in Mozambique in 2012 when in truth, as the defendant then knew, said wildlife had been killed in South Africa in 2011, said wildlife having been imported into the United States, all in violation of Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A)(i).

INDICTMENT                                3

<u>FORFEITURE ALLEGATIONS</u>:  (18 U.S.C. §§ 545, 924(d), and 982(a)(2)(B); 16 U.S.C. § 3374; and 28 U.S.C. § 2461(c))

1. The factual allegations contained in the Introductory Allegations and in Counts One and Two of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 545, 924(d), and 982(a)(2)(B); 16 U.S.C. § 3374; and 28 U.S.C. § 2461(c).

2. Upon a conviction for the offense alleged in Count One, the defendant,

ADAM THATCHER LAWRENCE,

shall forfeit to the United States, (1) pursuant to 18 U.S.C. § 545, any merchandise introduced into the United States in violation of 18 U.S.C. § 545, or the value thereof, including but not limited to one leopard (*Panthera pardus*) skin and skull seized from the defendant's house on or about October 27, 2016; (2) pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the violation; and (3) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the violation.

3. Upon a conviction for the offense alleged in Count Two, the defendant,

ADAM THATCHER LAWRENCE,

shall forfeit to the United States, pursuant to 16 U.S.C. § 3374(a), all wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of 16 U.S.C. § 3372, and all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of wildlife in violation of 16 U.S.C. § 3372.

4. If any of the property described above, as a result of any act or omission of the defendant:
   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be divided without difficulty,

INDICTMENT                                                         4

any and all interest defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States of America pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c)

All pursuant to 18 U.S.C. §§ 545, 924(d), and 982(a)(2)(B); 16 U.S.C. § 3374; 28 U.S.C. § 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 01/11/2018

A TRUE BILL.

*[signature]*
FOREPERSON

ALEX G. TSE
Acting United States Attorney

*[signature]*
DANIEL KALEBA
Deputy Chief, Criminal Division

(Approved as to form: *[signature]* )
AUSA KATHERINE LLOYD-LOVETT

INDICTMENT                    5